Alexandra Perdue
PO Box 15712, Scottsdale, AZ  85267 /480-779-7609/alexwperdue@gmail.com

*In Propria Persona*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Alexandra Perdue, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Maricopa Community Colleges/ Maricopa County Community College District.<br><br>Defendant. | Case No.: **CV21-01181-PHX-DJH**<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

For her Complaint against Maricopa County Community College District, ("the District"), Plaintiff Alexandra Perdue ("Plaintiff" or Ms. Perdue) alleges as follows:

## Background Allegations and Jurisdiction

1. At all times relevant to this Complaint, Plaintiff resided in and is a citizen of Maricopa County, Arizona.

2. At all times relevant to this Complaint, Plaintiff worked for Defendant.

3. At all times relevant to this Complaint, Defendant was a community college district in the State of Arizona, located in Maricopa County.

4. Plaintiff has been employed with Defendant since 2007.

5. At all times relevant to this Complaint, Plaintiff has served as a Residential Faculty Member.

6. Defendant is an employer as defined in 42 U.S.C. §2000e(b).

7. Defendant is not exempt from the Americans with Disabilities Act ("ADA"), as amended, or the Family Medical Leave Act ("FMLA").

1

8. The Plaintiff filed a Charge of Discrimination against Defendant with the EEOC on or about January 27, 2021.

9. On April 14, 2021, the EEOC issued the Plaintiff a Notice of Right to Sue.

10. Plaintiff's Complaint has been filed within 90 days from receipt of authorization to bring civil action as required by U.S.C. 29 §1601.28(e)(1).

11. Jurisdiction and venue are appropriate in this Court.

### Background Concerning Disability

12. In 2009, Plaintiff experienced a sudden and significant loss of hearing, and has never regained that hearing.

13. At the time of her hearing loss, Plaintiff was teaching a significant amount of her classes online.

14. At that time, Plaintiff was aware that other faculty members taught exclusively online.

15. Though denied at first, Defendant granted Plaintiff an accommodation that she teach 100% online because of her disability in 2013.

16. At all relevant times, Plaintiff had a disability as defined by the ADA.

17. At all relevant times, Defendant treated Plaintiff as if she had a disability as defined by the ADA.

### Background Concerning Leave/Reduced Work Hours

18. From 2018-2020, Plaintiff's husband was diagnosed and underwent treatment for Stage Four cancer.

19. Plaintiff's husband's condition and symptoms related to his treatment constituted a serious medical condition as defined by the FMLA.

20. Plaintiff disclosed her husband's serious medical condition to Defendant.

21. Plaintiff was qualified to take leave pursuant to the FMLA and reduced work hours pursuant to District policies.

22. Plaintiff requested, and was granted a reduced work schedule due to her husband's serious medical condition. Plaintiff did not take FMLA leave because she feared

Mr. Peterson would try to remove her from her position, based on previous comments and actions.

23. Taking and requesting leave is a protected activity under the FMLA.

24. Requesting and receiving accommodations are protected activities under the ADA.

## Discrimination and Retaliation

25. Since approximately 2015, Craig Peterson has served as Plaintiff's supervisor.

26. At all relevant times, Mr. Peterson is/was Defendant's agent.

27. Mr. Peterson knew of Plaintiff's disability and her medical condition.

28. Mr. Peterson knew of Plaintiff's husband's serious medical condition.

29. Mr. Peterson knew of Plaintiff's accommodations for her disability.

30. Mr. Peterson knew of Plaintiff's requested, reduced work schedule for her husband's serious medical condition.

31. Mr. Peterson discriminated against Plaintiff because of her disability.

32. Mr. Peterson retaliated against Plaintiff because of her accommodations and requests.

33. Mr. Peterson retaliated against Plaintiff because of her reduced hours and request for the same and because she was qualified for and made a request pursuant to the FMLA.

34. From October 2019 through March 2020, Mr. Peterson required Plaintiff to perform tasks and adhere to policies that he did not require other employees similarly-situated to Plaintiff that did not have a disability or engage in protected activity.

35. On one occasion, Mr. Peterson told Plaintiff that she would receive more compassion and understanding from him and her peers in the department, if she would disclose to him and her peers more details about her husband's cancer. He required her to directly disclose to him specific information about her husband's diagnosis and prognosis.

36. Despite Plaintiff's accommodation to teach exclusively online, Mr. Peterson has required Plaintiff to offer weekly, in-person office hours in addition to the online office hours that she already provides.

37. Plaintiff is the only similarly-situated individual that Mr. Peterson requires this of.

38. From September 2019 through March 2020, Mr. Peterson modified Plaintiff's working conditions without notice or discussion.

39. For example, via group email, Mr. Peterson made it a new requirement for Plaintiff to be on campus during specific hours in order to keep her paid contract as program director.

40. Defendant, via Mr. Peterson, did not require this of at least two other program directors and other faculty supervisors; rather, Mr. Peterson selected Plaintiff because of her conditions and protected activity.

41. In March 2020, Plaintiff informed Mr. Peterson that she was having difficulty hearing during online staff meetings and requested captions.

42. In response, on March 17, 2020, Mr. Peterson read Plaintiff's message aloud to the entire group in the meeting and failed to address Plaintiff's concerns or requests.

43. From March 2020 through January 2021, Mr. Peterson has held several non-captioned virtual video staff meetings for the department.

44. Plaintiff was unable to actively and equally participate in these meetings because of her disability and lack of captions.

45. By way of example, on or about May 7, 2020, Mr. Peterson excluded Plaintiff from a video department staff meeting.

46. When Plaintiff asked Mr. Peterson about it, he told Plaintiff that she "wouldn't be able to catch what was going on," alluding to her hearing disability.

47. On June 11, 2020, Plaintiff requested accommodations via captions for such meetings. She received no response.

48. The meetings, however, continued.

4

49. On October 23, 2020, Mr. Peterson failed to include Plaintiff in discussions between him, the Faculty Senate President, and other senior administrators about key details relating to Plaintiff's required contractual load and disability.

50. The exclusion was because of her disability and protected activity.

## LEGAL CLAIMS

### Count One: ADA Violations

51. Plaintiff reincorporates allegations in paragraphs 1-50 as if fully set forth here.

52. At all relevant times, Plaintiff had an impairment that substantially limited one or more life activities.

53. At all relevant times, Plaintiff was qualified to perform the essential functions of her job with or without a reasonable accommodation.

54. Plaintiff's hearing loss is a qualifying condition under the ADA.

55. Plaintiff disclosed her hearing loss to Defendant.

56. Plaintiff was qualified under the ADA.

57. Plaintiff made several requests for accommodations.

58. Defendant, via Mr. Peterson, denied those requests.

59. Defendant failed to engage in the interactive process.

60. Plaintiff was treated differently because of her disability and requests for accommodations.

61. Plaintiff has suffered damage as a result.

62. Plaintiff has timely exhausted her administrative remedies with respect to this claim.

63. Plaintiff is entitled to compensatory damages, injunctive relief, and her costs.

### Count Two: Medical Leave (Retaliation)

64. Plaintiff reincorporates the allegations in paragraphs 1-63 as if fully set forth here.

65. At all relevant times, Defendant had more than 50 employees.

66. At all relevant times, Defendant was an employer for the purposes of FMLA.
67. At all relevant times, Plaintiff had been employed with the Defendant for more than one year and worked a sufficient amount of time as required by the FMLA.
68. At all relevant times, Plaintiff was eligible for leave under the FMLA.
69. Plaintiff requested and was granted a reduced work schedule to care for her husband under the Federal and District leave policies. She was qualified for FMLA leave.
70. Defendant retaliated against Plaintiff for requesting/taking a reduced work schedule for medical leave and because she was qualified and eligible under the FMLA.
71. Plaintiff is entitled to compensatory damages and her costs.

## Conclusion

**THEREFORE**, Plaintiff respectfully requests the following relief:

A. A judgment in her favor against Defendant;

B. An award of compensatory damages;

C. Injunctive relief;

D. Reasonable costs.

**DATED** this _7___ day of July, 2021.

*Alexandra Perdue*
Alexandra Perdue
*Plaintiff*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ  85012-2504
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Phoenix Status Line:  (602) 661-0002
FAX (602) 640-5071
Website:  www.eeoc.gov

Alexandra Perdue
P.O. Box 15712
Scottsdale, AZ 85267

Subject:      Dismissal of Charge
              Charge Number:540-2021-00635C

Dear Ms. Perdue:

The purpose of this letter is to inform you that the EEOC has concluded its investigation of the above-referenced charge of employment discrimination. After reviewing the information in the file including the information you submitted, the EEOC does not believe that additional investigation would result in our finding a violation.

The EEOC has terminated its investigation into your allegations. While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretation of the available evidence and the laws we enforce. This letter, and the enclosed documents, will dismiss your case and no further action will be taken by the EEOC.

Enclosed is your Dismissal and Notice of Right to Sue. The Dismissal and Notice will explain your right to pursue the matter in court.  If you want to pursue your charge, you may do so on your own by filing in Federal District Court within *90-days from the date that delivery of the Notice was <u>attempted</u> at your last known address of record or 90 days of receipt of the Notice, whichever is earlier. If you do not file a lawsuit within the required 90-day period, your right to file a lawsuit in this matter will expire and cannot be restored by EEOC.*

If you have any questions, please feel free to contact me at (602) 661-0040.

Sincerely,

04/14/2021
———————————                             ———————————
Date                                     Patricia Miner
                                         Supervisory Investigator

Cc:  Troy P. Foster, Esq.
     The Foster Group
     902 W. McDowell Rd
     Phoenix, AZ  85007

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Alexandra Perdue
P.O. Box 15712
Scottsdale, AZ 85267

From: Phoenix District Office
3300 North Central Ave
Suite 690
Phoenix, AZ 85012

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2021-00635 | Patricia A. Miner, Supervisory Investigator | (602) 661-0040 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Elizabeth Cadle,
District Director

04/14/2021
*(Date Issued)*

cc: Dr. Deric Hall
Director of EEO/AA
Maricopa Community Colleges
2411 W 14TH ST
DERIC HALL@DOMAIL MARICOPA EDU
Tempe, AZ 85281

Troy P. Foster, Esq.
THE FOSTER GROUP
902 W. McDowell Rd.
Phoenix, AZ 85007

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>540-2021-00635 Amended<br>and EEOC |
|---|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Alexandra Perdue     alexwperdue@gmail.com | 301-452-4222 | |

Street Address                                          City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Mesa Community College/Maricopa County Community Colleges Dist. | 500+ | 480-731-8878 |

Street Address: 2411 W 14th Street          City, State and ZIP Code: Tempe, AZ 85281

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                          City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☒ RETALIATION    ☐ AGE    ☒ DISABILITY    ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: May 2013    Latest: January 2021
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe Respondent (Maricopa County Community College District) has discriminated against me based on my disability (hearing impairment) and retaliated against me for engaging in protected activity in violation of the Americans with Disabilities Act. In addition, I believe that I have been retaliated against for raising objections to my supervisor's inappropriate, sexually-harassing behavior in violation of Title VII of the Civil Rights Act of 1964.

I have been employed with Respondent since 2007 as a Residential Faculty Member. After suffering hearing loss in 2009, I began to teach classes in the fully, asynchronous online format. Despite persistent negative comments and resistance from my supervisor and lack of support from Mesa Community College administration regarding my need for accommodation, I requested and received an accommodation from the District Office for my disability in 2013. Within the past 300 days (11/24/2020-1/30/2020) and in the timeframe prior, I believe that my supervisor, Mr. Craig Peterson, has engaged in on-going discrimination and retaliation, including but not limited to the following instances: From the period ending March 2020 when the pandemic closed campus and on-going from on or about 10/2019-- Mr. Peterson has singled me out for more stringent adherence to policies than the other faculty program directors and faculty in a similar situation in the department. Despite an accommodation to teach all online, Mr. Peterson has selected me as the only department member to be forced to offer weekly, in-person office hours in addition to the online office hours I have already been providing. Mr. Peterson has explicitly stated in email that he requires me to be in the building during specific time frames according to his guidelines, so, there is every reason to believe that this retaliation against my online teaching accommodation will continue when campus reopens. From the period ending March 2020, when the pandemic closed the campus and on-going since on or about 9/26/2019-- Mr. Peterson has changed my working conditions without prior notice or discussion. In a group, public email, he changed my online accommodation, by making my role as program director contingent upon in-person, campus service; reversing a previous email statement from him that faculty did not need to be on campus outside of in-person teaching requirements. This change of working conditions has not been applied to the other two program directors and other faculty with supervisory roles in the department, only me. Mr. Peterson has explicitly stated in email that he requires me to be in the building, despite my online accommodation, in order to keep my position as program director, so there is reason to believe that this violation will continue when campus reopens. On 3/17/2020, in a video staff meeting, Mr. Peterson shared a private text message request I sent to him asking for captions and expressing difficulty hearing, by reading my text out loud to the entire group in the meeting. On or about March 2020-January 11, 2021, Mr. Peterson has held several non-captioned virtual, video social meetings and staff meetings for the department. On 6/11/2020, I emailed an MCC video staff representative to request more information on captions for required college and departmental staff meetings and never received a response. On or about 5/7/2020, Mr. Peterson excluded me from a department staff meeting and failed to alert me about the group meeting or to give me the option to attend. He stated in email that I wasn't included because I wouldn't be able to catch what was going on, alluding to my hearing disability. On or about 10/23/2020, Mr. Peterson failed to alert me or give me any opportunity to participate in discussions between him, the Faculty Senate President (Ms. Liz Czikar), and other senior administrators about key details relating to my required teaching contract and employment. Previously, on or about 9/19/2019 and fall 2018, Mr. Peterson also refused to engage in discussions regarding my contractual teaching load. In addition, prior instances of discrimination and retaliation include: Accusing me in email of not providing "real human contact" to students due to my accommodation to teach online; stating in a meeting that I am not as "lively" as other people in the department because I am teaching online (on or about 10/18/2019 and 8/3/2019). Verbally harassing me for using email as a primary form of communication and refusing to answer email questions; then requiring me to come to campus to speak directly with him or other staff in order to complete my work successfully (multiple instances; on or about spring/fall 2019- up until campus closure in March 2020). On or about spring 2015, Mr. Peterson made inappropriate and sexually-charged comments to me. Mr. Peterson demanded physical contact and used sexually explicit language in an individual meeting. I believe part of Mr. Peterson's ongoing retaliation is due to my refusal to engage with his inappropriate, sexually-charged comments and for bringing his behavior to the attention of the Human Resources Department. For these reasons, I believe that I have been discriminated against and retaliated against because of my disability and gender as prohibited by the ADA and Title VII.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 1/27/2021     *Alexandra Perdue* <br> Date         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

540-2021-00635