**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexandra Perdue,<br><br>        Plaintiff,<br><br>v.<br><br>Maricopa County Community College District,<br><br>        Defendant. | No. CV-21-01181-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendant Maricopa County Community College District's ("Defendant") Motion to Dismiss Plaintiff Alexandra Perdue's ("Plaintiff") Fourth Amended Complaint ("FAC") (Doc. 51). Plaintiff filed a Response in Opposition (Doc. 52), and Defendant filed a Reply (Doc. 53).

**I.    Background**[1]

This case concerns an employment discrimination dispute. (Doc. 49 at ¶ 1). Plaintiff is the Occupational Program Director for the Music Business Program at Mesa Community College. (*Id.* at ¶ 17). Plaintiff lost most of her hearing in 2009, rendering her disabled under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. (*Id.* at ¶ 5). Plaintiff began requesting reasonable accommodations for her disability at this time. (*Id.* at ¶ 22).

In 2013, Defendant granted Plaintiff a reasonable accommodation to teach all her

---
[1] Unless otherwise noted, these facts are taken from Plaintiff's FAC (Doc. 49). The Court will assume the FAC's factual allegations are true, as it must in evaluating a motion to dismiss. *See Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001).

classes online. (*Id.* at ¶ 10). Despite this accommodation, Plaintiff alleges she faced ongoing discrimination on account of her disability from 2013 to the present. (*Id.* at ¶ 11). Plaintiff alleges this discrimination included:

> (1) The lack of any publicly posted policy or other readily available information about how, as a disabled employee, [Plaintiff] could seek reasonable accommodations of her disability;
>
> (2) A requirement that only [Plaintiff] maintain in-person office hours while all other members of the department—including the department supervisor—were never held accountable for failing to comply with regulations requiring faculty to hold office hours;
>
> (3) The refusal to inform or/and invite [Plaintiff] to all departmental and critical staffing-related meetings–from at least spring 2019 to May 2020–on account of [Plaintiff's] disability;
>
> (4) The refusal to provide closed captioning on all remote departmental meetings as an accommodation of [Plaintiff's] disability from at least March 2020 to January 2021; and
>
> (5) The refusal to communicate with [Plaintiff] in writing and by email, even though this was a reasonable accommodation of [Plaintiff's] disability, and continuing demand that [Plaintiff] communicate in-person with no offer of captioning support from at least fall 2015 to January 2020.

(*Id.* at ¶ 11).

On January 27, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. (Doc. 1 at 9). On June 23, 2022, Plaintiff filed her FAC, alleging violations under Title I of the ADA and the Rehabilitation Act.[2] (Doc. 49 at ¶¶ 49–80).

Defendant moves to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff failed to plead sufficient facts to support a disability discrimination or retaliation claim under either Act. (Doc. 51).

/ / /

---

[2] Plaintiff filed her first Complaint on July 8, 2021. (Doc. 1).

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2). This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not generally require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Dismissal of a complaint for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a motion to dismiss, courts will "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III. Discussion

Plaintiff brings four claims under the ADA and the Rehabilitation Act of 1973. Both Acts "prohibit discrimination against an otherwise qualified individual based on his or her disability. The Rehabilitation Act, the precursor to the ADA, applies to federal agencies,

contractors and recipients of federal financial assistance, while the ADA applies to private employers with over 15 employees and state and local governments." *Jackson v. Napolitano*, 2010 WL 94110, at *3 (D. Ariz. Jan. 5, 2010) (citation omitted). Under Rule 12(b)(6), Plaintiff must adequately state a claim under both Acts.

Count I and Count III are disability discrimination claims. (Doc. 49 at ¶¶ 49–55, 61–66). Count II and Count IV are retaliation claims. (*Id.* at ¶¶ 57–60, 67–71). Because the statutes require Plaintiff to demonstrate the same elements to establish liability, the Court will evaluate Plaintiff's ADA and Rehabilitation Act claims together. *See Young v. Arizona Summit L. Sch. LLC*, 2020 WL 954990, at *6 (D. Ariz. Feb. 27, 2020) (evaluating plaintiff's ADA and Rehabilitation Act claims together because of the "doctrinal overlap between the two statutes").

Defendant argues Plaintiff failed to state a claim that is plausible on its face because some of Plaintiff's allegations in her FAC contradict previous allegations. (Doc. 51 at 4–5). Defendant further argues Plaintiff failed to allege sufficient facts to support either a disability discrimination claim, or a retaliation claim because the allegations contained in Plaintiff's FAC amount to "trivial" situations that are unactionable under federal law. (*Id.* at 7–8).

As to her disability discrimination claim, Plaintiff contends Defendant knew she was disabled and required accommodations and that Defendant did not provide any interactive dialogue until eight years later. (Doc. 52 at 11). As to her retaliation claim, Plaintiff argues the reprisals Defendant took against her would reasonably deter an employee from engaging in protected activity and thus her allegations are sufficient to state a retaliation claim. (*Id.* at 15).

The Court will begin with Plaintiff's disability discrimination claims and then consider her retaliation claims. At the outset, the Court rejects Defendant's argument that Plaintiff failed to state a plausible claim due to her inconsistent allegations. Whether Plaintiff's allegations in her FAC contradict allegations made in her previous complaint are immaterial. *See e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (finding

it is a "well-established doctrine that an amended pleading supersedes the original pleading" and that "the original pleading no longer performs any function and is treated thereafter as non-existent") (quotations altered).

### A. Disability Discrimination under the ADA and Rehabilitation Act

To establish a prima facie case of employment discrimination under the ADA or the Rehabilitation Act, a plaintiff must demonstrate that (1) she is disabled; (2) she is otherwise qualified; and (3) she suffered discrimination because of her disability. *Walton v. U.S. Marshals Service*, 492 F.3d 998, 1005 (9th Cir. 2007). The discrimination identified in this case is Defendant's alleged failure to provide a reasonable accommodation to Plaintiff. Actionable discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . ." 42 U.S.C. § 12112(b)(5)(A).

Defendant does not challenge Plaintiff's prima facie case on whether she is disabled or is otherwise qualified. Instead, Defendant argues that Plaintiff has not identified any adverse employment action under the third element because her requested accommodations were granted and all her allegations are non-trivial. (Doc. 53 at 3). Plaintiff claims Defendant did not engage in any interactive dialogue to address Plaintiff's needs until eight years after she raised them. Plaintiff thus reasons Defendant's failure to accommodate those requests amounts to disability discrimination under the ADA and Rehabilitation Act. (Doc. 52 at 11).

#### 1. Failure to Accommodate

The failure to accommodate an employee's disability may amount to disability discrimination under the Rehabilitation Act. *See Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045–46 (9th Cir. 1999). An employer engages in unlawful discrimination under the ADA by "not making reasonable accommodations to known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A); *see Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) ("The ADA treats the failure to provide a reasonable accommodation as an act of

discrimination if the employee is a qualified individual."). An employer has an affirmative duty to engage in an interactive process with a disabled individual to identify reasonable accommodations. *See Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 799 (9th Cir. 2017). Failure to do so constitutes unlawful discrimination under the ADA if a reasonable accommodation was possible. *See Snapp*, 889 F.3d at 1095.

Here, Plaintiff alleges she made several requests for accommodations. These requests began in 2009 when she lost most of her hearing. (Doc. 49 at ¶ 22). In 2013, Defendant granted Plaintiff's reasonable accommodation to teach all her classes online. (*Id.* at ¶ 10). Despite this accommodation, Plaintiff alleges that "at various instances from 2013 to the present, [Plaintiff faced ongoing discrimination on account of her disability," such as Defendant's "refus[al] to provide closed captioning on all remote departmental meetings as an accommodation of [Plaintiff's] disability from at least March 2020 to January 2021." (Doc. 49 at ¶ 11). She further alleges Defendant "failed to conduct an interactive dialogue with [her] regarding reasonable accommodations between the period of 2013 and late 2021." (*Id.* at ¶ 26). Plaintiff alleges "[n]one of these required/requested accommodations was fully implemented prior to late 2021" and instead "were ignored and thus denied from 2013 until late 2021." (*Id.* at 25).

In the employment context, "[o]nce an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the [Title I of the] ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001). The ADA required Defendant to engage in an interactive process with Plaintiff upon knowledge of her disability. Plaintiff alleges Defendant "failed to conduct an interactive dialogue with [her] regarding reasonable accommodations between the period of 2013 and late 2021." (*Id.* at ¶ 26). The Court must construe Plaintiff's FAC in the light most favorable to her and accept her factual allegations as true at this stage of litigation. *See Manzarek*, 519 F.3d at 1031. Accordingly, the Court concludes the FAC sufficiently states a prima facie case for failure to accommodate under

the ADA and the Rehabilitation Act, and dismissal of this claim is not warranted.

### B.   Retaliation under ADA and Rehabilitation Act

To establish a prima facie case of disability retaliation, a plaintiff must show: "'(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two.'" *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003) (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000)).[3] The causal link between a protected activity and alleged retaliatory action "can be inferred from timing alone when there is a close proximity between the two." *Thomas v. City of Beaverton*, 379 F.3d 802, 812 (9th Cir. 2004) (citation and internal quotation marks omitted). Defendant does not appear to challenge whether Plaintiff engaged in a protected activity. Instead, the crux of Defendant's argument focuses on that Plaintiff has not identified any adverse employment action under the second element because all her allegations are non-trivial. (Doc. 53 at 3). Defendant also appears to assert there is no causal link between Plaintiff's protected activity and an adverse action because "she continues to be employed with the District; she hasn't ever lost a dime of pay; and her job duties remain the same." (*Id.*)

#### 1.   Adverse Action

An action is considered materially adverse "if it is reasonably likely to deter [people] from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000). "The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces" such "an injury or harm" that "it might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). Plaintiff alleges she engaged in protected actions when "she sought reasonable accommodations of her disability, complained about conduct she believed to be discrimination on account of her disability, initiated a charge of discrimination with the EEOC, and filed this lawsuit." (Doc. 49 at ¶¶ 58; 70). Plaintiff further alleges Defendant retaliated against her when Defendant

---

[3] Courts construe claims under the Rehabilitation Act and the ADA together because "there is no significant difference in the analysis of rights and obligations created by the two Acts." *Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002).

"excluded [Plaintiff] from at least one department meeting, den[ied] [her] the opportunity to participate in meetings as part of the Retain and Retrain planning process in 2020, and refus[ed] to comply with the Faculty Agreement to provide [Plaintiff] with the required [Occupational Program Director] evaluation in spring 2022." (*Id.* at ¶ 58).

Although these factual allegations may prove insufficient to withstand summary judgment, at this stage of the pleadings the Court must accept them as true and thus finds Defendant's actions "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 67. While Defendant disputes whether these actions were materially adverse as a matter of law, courts must apply an objective standard in judging the harm. *Id.* at 68. At this stage of the case, the Court does not have the necessary context to objectively assess whether the alleged actions were materially adverse. Indeed, all the cases cited by Defendant's assess the materiality of the adverse action on summary judgment. *See Tavares v. ASARCO LLC*, 2022 WL 1811166, at *1 (D. Ariz. June 2, 2022); *Borchardt v. Harkins Fashion Square LLC*, 2019 WL 4451332, at *2 (D. Ariz. Sept. 17, 2019); *Louis v. Window Rock Unified Sch. Dist.*, 2022 WL 2132239, at *1 (D. Ariz. June 14, 2022).

### 2. Causal Link

Last, Defendant appears to argue no causal link exists because "[e]very iteration of [Plaintiff's] Complaint has shown that she continues to be employed with the District; she hasn't ever lost a dime of pay; and her job duties remain the same." (Doc. 53 at 3). Plaintiff's allegations, however, give rise to a reasonable inference that Plaintiff's filing of her Complaint caused Defendant to levy additional harm on Plaintiff, such as Defendant's refusal to conduct Plaintiff's OPD evaluations in the spring of 2022. (Doc. 49 at ¶ 58). Taking all well-pleaded factual allegations in the light most favorable to Plaintiff, as the Court is obligated to do, it is plausible that Plaintiff was subject to materially adverse employment actions, and she has therefore adequately stated a retaliation claim to survive Defendant's Motion to Dismiss.

/ / /

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 51) is **denied**.

Dated this 19th day of January, 2023.

_____
Honorable Diane J. Humetewa
United States District Judge